UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER, #132271,

    Plaintiff,

v.

M. SKYTTA, et al.,

    Defendants.
_____/

Case No. 2:19-cv-00235

Hon. Janet T. Neff
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

This is a civil rights action brought by state prisoner L.T. Tucker pursuant to 42 U.S.C. § 1983. Tucker filed his complaint on November 21, 2019. After conducting an initial review of the complaint, the Court granted Tucker *in forma pauperis* status and allowed him to proceed under 28 U.S.C. § 1915(a). (ECF No. 4.) The Court recognizes that Tucker is subject to the three strikes rule and may only proceed *in forma pauperis* if his complaint alleges imminent danger of serious physical injury. The Court explained:

> Plaintiff is a frequent litigator in the federal courts. This Court has, in more than three cases, dismissed Plaintiff's complaints as frivolous or for failure to state a claim. Under 28 U.S.C. § 1915(g), those three strikes limit Plaintiff's ability to proceed in this Court *in forma pauperis*. To go forward without paying the filing fee under those circumstances, Plaintiff must allege that he is in imminent danger of serious physical injury. **Plaintiff's allegations of violent threats from the Defendants suffice to avoid the "three strikes" bar.** Accordingly, the Court grants his motion to proceed *in forma pauperis*.

(*Id.*, PageID.83) (emphasis added).[1]

Defendants move for an order to revoke Tucker's *in forma pauperis* status. (ECF No. 14.)  Defendants argue that Tucker's complaint alleging imminent danger of serious physical injury is conclusory and unsupported.  (*Id.*, PageID.121.)  In addition, Defendants move to stay discovery pending resolution of Tucker's *in forma pauperis* status.  (ECF No. 19.)

In the opinion of the undersigned, Tucker alleged imminent danger of serious physical injury in his complaint and has satisfied the exception to the three strikes rule.  Whether Defendants can establish that they are entitled to judgment because no genuine issue of fact exists to support Tucker's claim, is a different issue which is not before the Court in a motion to revoke *in forma pauperis* status.  Therefore, it is respectfully recommended that the Court deny Defendants' motion to revoke Tucker's *in forma pauperis* status.  It is further recommended that the Court deny Tucker's motion to stay discovery.

**II. Analysis**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*.  As the Sixth

---

[1] This Court reviews every pro se prisoner civil rights complaint before it is served on a defendant to determine whether *in forma pauperis* status should be granted.  *In forma pauperis* status allows a prisoner to pay the Court's filing fee in monthly installments based upon the inmate's available funds.  The manner in which a prisoner pays the Court filing fee is for the Court to determine.

2

Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the

constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger: In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist **at the time the complaint is filed**." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted) (emphasis added). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny

4

> a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver*, 727 F.3d at 585. A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

It is undisputed, as the Court has already recognized, that Tucker has had at least three prior civil suits dismissed on the ground of frivolousness or failure to state a claim upon which relief may be granted. *See Tucker v. Corizon Health Care*, 2019 WL 2713289 (6th Cir. April 22, 2019); *Tucker v. Harrington*, No. 1:18-cv-181, 2018 WL 1150024 (W.D. Mich. Mar. 5, 2018); *Tucker v. Findlay*, No. 1:18-cv-180, 2018 WL 1101036 (W.D. Mich. Mar. 1, 2018). In this case, Defendants argue that Tucker's allegations of imminent danger of serious physical injury are false.

Defendants argue that Tucker made up the allegations and, as support for that assertion, present an affidavit from Defendant Acting Sergeant Kyle Larson, who states that Tucker fabricated his allegations and was never threatened. (ECF No. 15-2, PageID.216.) In addition, Defendants argue that nothing in the complaint suggests that Tucker was in imminent danger when he first thought about filing his

5

complaint in June 2018, regarding events that occurred in 2017. Further, Defendants argue that the fact that Tucker has been granted *in forma pauperis* with a finding that he alleged imminent danger of serious harm in past cases is not relevant to this complaint. As a result, Defendants argue that the Court should revoke his *in forma pauperis* status and make him pay the full filing fee before proceeding in this action.

As previously stated, the determination of whether imminent danger is alleged to invoke the exception to the three strikes rule is subject to the notice-pleading requirement. *Vandiver*, 727 F.3d at 585. As such, matters outside the pleadings, like Acting Sergeant Larsen's affidavit alleging that Tucker fabricated threats of physical harm, are not relevant to the Court's consideration of whether Tucker is allowed to pay the Court filing fees in monthly installments and proceed *in forma pauperis*. The Court determines whether a plaintiff has alleged imminent danger based upon the allegations asserted in the complaint. *Rittner*, 290 F. App'x at 797. Moreover, Acting Sergeant Larson's affidavit simply contradicts Plaintiff Tucker and the Court would have to accept Acting Sergeant Larson's statements and reject Plaintiff Tucker's statements to make a finding that Plaintiff Tucker is not telling the truth. Whether Acting Sergeant Larson or Plaintiff Tucker is telling the truth is a matter most appropriately addressed at trial. Moreover, the Defendants will have an opportunity to test whether Tucker's evidence creates a genuine issue of material fact in a motion for summary judgment.

In his complaint, Tucker alleged that Defendant Larson and non-Defendant S. Niemi threatened him with physical harm that would send him to the hospital if he

filed a lawsuit against them. (ECF No. 1, PageID.15-16.)  In addition, Tucker alleged that another prison staff member walked up to his cell door and stated: "We are going to kill you soon." (*Id.*, PageID.17.)  Tucker could not identify the staff member who walked away. (*Id.*)

The test of whether a plaintiff alleges imminent danger of serious harm is based upon the allegations presented in the complaint at the time the complaint is filed.  *Rittner*, 290 F. App'x at 797.  What Tucker may have considered or experienced months or years prior to filing the complaint is not relevant to the imminent danger exception.  Similarly, allegations that Tucker may have raised in past cases are not relevant to whether he alleged imminent danger in this complaint.

In the opinion of the undersigned, Tucker has alleged facts which could show that he was under imminent danger of serious physical injury at the time he filed his complaint.

### III. Recommendation

Therefore, it is recommended that the Court deny Defendants' motion for an order to revoke Plaintiff's *in forma pauperis* status (ECF No. 14) and Defendants' motion to stay discovery (ECF No. 19.)

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections

constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  May 22, 2020                               /s/ *Maarten Vermaat*
                                                                    MAARTEN VERMAAT
                                                                    U.S. MAGISTRATE JUDGE