UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L.T. TUCKER,

    Plaintiff,

v.

M. SKYTTA, et al.,

    Defendants.

_____/

Case No. 2:19-cv-235

Honorable Hala Y. Jarbou

# ORDER

This is a civil rights action under 42 U.S.C. § 1983 by state prisoner L.T. Tucker. Tucker alleges that Defendants interfered with his medical treatment, racially discriminated against him, and retaliated to his filing of grievances by issuing false misconduct tickets. Defendants are: (1) Acting Sergeant Skytta; (2) Acting Sergeant Larson; (3) Grievance Coordinator LaPlante; and (4) Lieutenant Wickstrom. Defendants filed a motion for partial summary judgment, contending that Tucker failed to exhaust certain claims brought against them. (ECF No. 22.) The matter was referred to a magistrate judge, who produced a Report and Recommendation (R&R). (ECF No. 75.) Of the eight claims considered, the R&R recommended allowing Claims 2, 4, and 5 to proceed as properly exhausted, and recommended dismissal of Claims 1, 3, and 6-8 for failure to exhaust.[1] Tucker timely objected to the R&R. (ECF No. 76.) The R&R will be adopted in part.

---

[1] The R&R provides a helpful table outlining each claim. The Claim numbers used in this Order correlate with the Claim numbers used in the R&R.

### I. Background

The central issue before the Court is whether Tucker properly alleged facts and arguments regarding retaliation at a misconduct hearing sufficient to satisfy exhaustion requirements. Normally, matters must go through a grievance process before prisoners can file suit in federal court. However, complaints relating to alleged problems arising during misconduct hearing processes cannot be grieved; such issues must be raised during a misconduct hearing itself and subsequently appealed to achieve exhaustion. Defendants' motion for partial summary judgment argues that Tucker failed to raise retaliation and discrimination at a misconduct hearing in November 2017.

### II. Standards

#### A. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must examine the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine whether there is a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P 56(c)) (internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party [by a preponderance of the evidence], there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank. of Ariz. v. City Serv. Co.*, 391 U.S. 253, 289 (1961)). In considering the facts, the Court must draw all inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is not an opportunity for the Court to resolve factual disputes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**B. Objections to R&Rs**

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

### III. Analysis

Tucker raises five objections to the R&R. For clarity, the Court will undertake a claim-based analysis before addressing each objection. At issue is whether Tucker exhausted his retaliation claim against Skytta (Claim 1), his conspiracy in support of retaliation claim against Larson (Claim 3), and three claims against Wickstrom alleging a sham misconduct hearing and mistreatment for racially discriminatory reasons (Claims 6-8).

Claim 1 relates to a November 1, 2017, misconduct ticket that Skytta allegedly issued in retaliation for Tucker's persistence in filing grievances. (R&R 2.) Defendants argued, and the R&R agreed, that Tucker did not exhaust this claim because he failed to raise the issue of retaliation at the November 17, 2017, misconduct hearing. (*Id.* at 14-15.) The R&R's conclusion rests on the fact that the misconduct hearing report does not state that Tucker asserted the misconduct ticket was issued in retaliation. (*Id.*) His failure to raise the issue would mean that he did not achieve exhaustion and bar Claim 1. However, in an affidavit attached to Tucker's response in opposition to summary judgment and a second affidavit attached to his sur-reply,[2] Tucker asserts that he *did*

---

[2] The magistrate judge erroneously refused to consider Tucker's sur-reply. (R&R 1-2 n.1.) Though parties have no right to file a sur-reply, they may do so with leave of court. The magistrate judge granted leave to file a sur-reply (Order, ECF No. 74). Therefore, the magistrate judge should have considered the sur-reply

3

raise the issue of retaliation at the hearing. (ECF Nos. 58-1, 65-1.) A genuine dispute of material fact exists – and summary judgment is therefore inappropriate – where a prisoner's affidavit that he raised the issue of retaliation at a misconduct hearing is at odds with the hearing report. *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016). The R&R's recommendation that summary judgment be granted on Claim 1 for failure to exhaust will be rejected.

Claim 3 alleges that Larson conspired to support Skytta's issuance of a retaliatory misconduct ticket. (R&R 2.) Defendants argued, and the R&R agreed, that this claim should be dismissed because Tucker never filed a grievance regarding Larson's alleged conspiracy. (R&R 13.) A conspiracy to issue a retaliatory misconduct ticket should be addressed at a misconduct hearing rather than raised through a grievance. *See Brown v. Klotz*, No. 19-11509, 2020 WL 6390500, at *3 (E.D. Mich. Aug. 17, 2020) ("[P]risoners must raise issues concerning misconduct tickets in the misconduct hearing.") (citing *Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468, at *2 (W.D. Mich. Aug. 3, 2018)). Hence, the appropriate channel for exhausting this claim was through misconduct hearings, not filing grievances. In his affidavit attached to his response in opposition to summary judgment, Tucker asserts that he raised the conspiracy issue at the November 17, 2017, misconduct hearing. (ECF No. 58-1.) For the same reasons as explained regarding Claim 1, this creates a genuine dispute of material fact on the issue of exhaustion. Defendants are not entitled to summary judgment on Claim 3.

---

and its attached affidavit instead of striking it. In their response to Tucker's objections, Defendants simply state that parties lack a general right to file sur-replies and that the magistrate judge was correct to not allow Tucker's sur-reply. (ECF No. 78.) But courts must consider those sur-replies that they permit to be filed.

4

Claims 6-8 concern Wickstrom. Claim 6 alleges retaliation and racial discrimination through holding a "sham misconduct hearing." (R&R 3.) Claim 7 asserts that Wickstrom exhibited racial discrimination during a misconduct hearing. (*Id.*) Claim 8 alleges violations of "state laws and prison policy" through the use of "derogatory, humiliating, or degrading language." (*Id.*) Tucker has never filed a grievance naming Wickstrom. (R&R 13.) Perhaps some of his claims against Wickstrom are exhaustible through misconduct hearings. To the extent that is true, Tucker nevertheless failed to exhaust his claims against Wickstrom. Although Tucker's affidavit attached to his response in opposition to summary judgment does mention Wickstrom, it says nothing about discrimination. Tucker argues that various exhibits demonstrate that he properly complained about discriminatory behavior. But many of those exhibits are illegible, and those that are legible make no mention of discriminatory or other offensive behavior by Wickstrom. The Court will not comb the record to confirm Tucker's claims; it is "utterly inappropriate for [a] court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Tr.*, 908 F.2d 399, 406 (6th Cir. 1992). The R&R properly concluded that no reasonable jury could find that Tucker exhausted his claims against Wickstrom.

As a final matter, the R&R notes that Defendants concede that Claim 5 was properly exhausted. (R&R 2.) But in later analysis, the R&R suggests that Claim 5 *was not* exhausted. (*See* R&R 15-16.) Defendants did not object to the R&R's statement that they conceded Claim 5 was exhausted. Therefore, the Court will assume that Claim 5 has been properly exhausted and is not subject to dismissal under the motion for partial summary judgment.

### A. First Objection

In his first objection, Tucker argues that the R&R fails to properly account for the affidavits attached to his response and sur-reply in opposition to summary judgment and fails to draw all

5

inferences in the light most favorable to the non-moving party. (Pl.'s Obj. to R&R 2-5.) For the reasons explained above, Tucker is correct with respect to Claims 1 and 3 but incorrect with respect to Claims 6-8. His assertions in affidavits that he raised the issue of retaliation at the November 17, 2017, misconduct hearing contravene the corresponding hearing report and do create a genuine dispute of material fact on the issue of exhaustion. Drawing inferences in favor of Tucker, a reasonable jury could conclude that he raised the issue of retaliation in the hearing. On the other hand, given the available evidence, no reasonable jury could find that Tucker raised the issue of discrimination by Wickstrom at any misconduct hearing. To the extent Claims 6-8 had to be raised at a misconduct hearing, Tucker has not put forth sufficient evidence demonstrating that he did so. To the extent those issues had to be exhausted through filing grievances, the record indicates that Tucker has never filed a grievance against Wickstrom.

### B. Second Objection

Tucker's second objection functionally raises the same arguments as he asserts in his first objection. Likewise, this objection is well-taken to the extent it argues against dismissal of Claims 1 and 3, but fails to the extent it argues against dismissal of Claims 6-8.

### C. Third Objection

Tucker's third objection argues that the magistrate judge should have considered his sur-reply and its attached affidavit, which the R&R did not do. (*See* R&R 1-2 n.1.) He is correct. Courts are under no obligation to accept sur-replies from parties. But they *may* do so. The magistrate judge indisputably granted Tucker leave to file his sur-reply (ECF No. 74) and thus should have considered its contents in producing the R&R.

### D. Fourth Objection

Tucker's fourth objection states that the magistrate judge improperly denied his previously filed motion to compel discovery (ECF No. 53). Tucker contends that the granting and

6

enforcement of the motion would have yielded audio recordings of him raising the exact issues that are the subject of Defendants' failure to exhaust arguments. But the R&R has nothing to do with that rejected motion to compel. The objection is not properly made and is denied.

### E. Fifth Objection

Tucker's final objection is that his claims against Wickstrom are non-grievable and hence it is no answer to say that he failed to exhaust those claims by not filing grievances. For the reasons explained above, even if that were true, Tucker has not put forth sufficient evidence to show that he raised the issues underlying Claims 6-8 at any misconduct hearing. The record, at least the legible part, make no mention of discriminatory or other offensive action by Wickstrom.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 75) is **ACCEPTED** and **ADOPTED** with respect to its recommended dismissal of Claims 6-8 and that Wickstrom be dismissed as a Defendant. Its recommendation that Claims 2, 4, and 5 be permitted to proceed are also **ACCEPTED** and **ADOPTED**. Its recommendations regarding Claims 1 and 3 are **REJECTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment (ECF No. 22) is **GRANTED IN PART** with respect to Claims 6-8 but **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Claims 6-8 are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Wickstrom is **DISMISSED**.

Dated:   January 13, 2021                         /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  UNITED STATES DISTRICT JUDGE