UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

L. T. TUCKER,

    Plaintiff,

v.

M. SKYTTA, et al.,

    Defendants.
_____/

Case No. 2:19-cv-235

Hon. Hala Y. Jarbou

## ORDER

On February 2, 2022, the magistrate judge issued a Report and Recommendation (R&R, ECF No. 164) recommending that the Court deny both Plaintiff and Defendants' motions for summary judgment (ECF Nos. 137, 142). Before the Court is Plaintiff's objection to the R&R (ECF No. 165).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The magistrate judge determined that genuine issues of material fact remain in each of Plaintiff's five remaining claims. First, Plaintiff objects to the R&R's failure to address his arguments regarding state law assault and battery claims against Defendant Larson. Defendants argued that it was not necessary to respond to these claims because they were not included in the complaint and could not be added in a summary judgment motion. However, as Plaintiff points out, these claims were mentioned in the complaint. (*See* Compl. ¶ 74, ECF No. 1, PageID.9, 21.) Nevertheless, the magistrate judge did not err in failing to specifically reference the state law

claims because the facts from which the state law claims arise are the same as in Plaintiff's Eighth Amendment excessive force and gross negligence claim against Defendant Larson. Because the magistrate judge determined that there are questions of fact as to the Eighth Amendment claim, there are also questions of fact remaining on the state law claims. Plaintiff's objection is denied, and his request for summary judgment on this count is also denied. The state law claims of assault and battery remain in this case.

Plaintiff's second objection faults the R&R for not directly addressing Plaintiff's theory that Defendants Skytta and Larson interfered with his prescribed medical treatment. On motions for summary judgment, the standard of review is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The magistrate judge found that questions of fact remain in Plaintiff's claim involving interference with medical treatment, in violation of the Eighth Amendment. (*See* R&R, PageID.2406, 2415.) The magistrate judge applied the correct standard for summary judgment.

Plaintiff objects to the R&R's failure to take notice that Plaintiff factually alleged that Defendant LaPlante violated the Equal Protection Clause of the Fourteenth Amendment. Again, the magistrate judge recommended denial of summary judgment on all claims. Therefore, Plaintiff's claim that Defendant LaPlante issued false misconduct tickets against Plaintiff in retaliation and due to Plaintiff's race, in violation of the First and Fourteenth Amendments, remain in this case. To the extent that the Plaintiff is requesting that the Court take judicial notice of Plaintiff's allegations, the Court declines to do so.

Finally, Plaintiff objects to the R&R's summary of the investigation involving Plaintiff's excessive force grievance against Defendant Larson. The R&R stated that the "grievance was denied at each step of the grievance process." (R&R, PageID.2420.) Plaintiff objects and argues that the grievance was "resolved" at Step II. (Pl.'s Obj. to R&R, PageID.2427.) Plaintiff's grievance against Defendant Larson was denied at Step I, and the denial was affirmed at Step II. The Response at Step II states,

> The Inspectors Office investigation into these allegations which included close scrutiny and review of the video surveillance footage showed nothing to suggest any staff misconduct on the part of CO Larson. This is clearly stated in the Step I response which is supported by this office.
>
> Given this, the matter is considered resolved.

(ECF No. 138-12, PageID.1769.) The magistrate judge was accurate in his summary that the grievance was denied at each step of the grievance process.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection (ECF No. 165) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 164) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that both Plaintiff and Defendants' motions for summary judgment (ECF No. 137, 142) are **DENIED**.

Date: February 18, 2022              /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     UNITED STATES DISTRICT JUDGE